condition, there are three scars, and the leg is so impaired by the varicose veins that he cannot do hard or heavy work. He can walk and use his leg, but, if he engaged in hard work, his leg might be further injured. The only permanent injury which is seriously to be considered is the varicose veins. It is a well-known fact that many persons are so afflicted, and that such a condition impairs the use of a limb for long walks, or, perhaps, heavy work; but, with care and proper appliances, such an injury does not deprive the person of the use of the leg for nearly all practical purposes. As said before, the plaintiff was entitled to compensation for loss of wages during the time he could not work, for all pain and suffering, the result of the injury, and for the permanent impairment of the use of his leg. The sum of $15,000 seems to us grossly excessive, in view of the injuries sustained by plaintiff, and we conclude that the verdict should be reduced to the sum of $8,000.

Judgment and order denying new trial reversed, and a new trial granted, costs to abide the event, unless plaintiff consents to reduce the verdict to $8,000, and the allowance to 5 per cent. on that amount, in which case the judgment and order denying new trial should be affirmed, without costs.

VAN WYCK, J., concurs.

---

(14 Misc. Rep. 398.)

### FAUROT v. BROOKLYN HEIGHTS R. CO.

(City Court of Brooklyn, General Term. November 25, 1895.)

STREET CARS—INJURY TO PERSON CROSSING TRACK.

While plaintiff was crossing, on foot, defendant's street-car tracks, she was struck by a west-bound electric car, running at an excessive speed. Before going on the tracks, plaintiff had waited till a west-bound car had passed, and she was looking west, in order to avoid any car approaching from that direction, when she was struck. *Held*, that the questions of negligence and contributory negligence were for the jury.

Appeal from trial term.

Action by Catherine S. Faurot against the Brooklyn Heights Railroad Company for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN WYCK and OSBORNE, JJ.

Morris & Whitehouse, for appellant.
Chas. J. Patterson, for respondent.

VAN WYCK, J. It can be fairly inferred from the evidence herein: That defendant's cars run east and west on Halsey street, the track of the eastward-bound cars being on the south side of that street, and that of the westward-bound cars being on the north side thereof; and that Howard avenue crosses this street at right angles. That plaintiff, a lady of 58 years, was walking along the westerly side of Howard avenue, in a southerly direction. When she reached the curb of the northerly side of Halsey street, she paused till a westerly-

bound car passed her about 141 feet, and then she looked to see if any easterly-bound car was in sight, which would come from the direction in which the car which had just passed her was going.    Seeing none, she proceeded to cross Halsey street on the westerly cross walk, taking a look the other way to see if a car was coming from the east, and when she got upon the track, on the south side of Halsey street, about 22 feet from the curb which she had left, she was struck by a trolley car coming from the west, knocked down, and dragged or pushed along the street.    That this car was approaching this street crossing at the excessive rate of speed of about 15 miles per hour, or at such a rate that the motorman was unable to stop it under 70 feet by the most prompt use of all his appliances for that purpose.    Under these circumstances, the question of negligence of defendant's motorman was properly submitted to the jury.    We do not see how it can be seriously contended that a motorman is free from negligence, as a matter of law, who drives his car over street crossings in a large city at about the rate of 15 miles per hour, or at such speed as renders it impossible to stop under 70 feet.    We likewise think the question of plaintiff's freedom from negligence was correctly left to the jury.    Before leaving the curb, she looked to see if a car was coming from the east.    She, seeing none, and there being nothing to obstruct her view except the car which had passed her, then 141 feet away, continued on her journey.    It was for the jury to decide whether she had the right to assume that no car was nearer than 141 feet, and that she could safely cross over, or whether it was her duty to assume that a car was approaching at a dangerously high rate of speed which would make it unsafe for her to attempt to cross, though it was over 141 feet from her at the time she left the curb.    We think the motion for a nonsuit was properly denied under the circumstances.    Young v. Railroad Co. (City Ct, Brook.) 31 N. Y. Supp. 441.

Judgment and order must be affirmed, with costs.