(1 App. Div. 205.)

BENNETT v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. February 4, 1896.)

1. STREET RAILROAD—ACTION FOR INJURIES TO CHILD—QUESTION FOR JURY.
In an action, by a child eight years old, against an electric street-railroad company, for injuries caused by being run over by defendant's car, the question whether plaintiff was sui juris is for the jury. Stone v. Railroad Co., 21 N. E. 712, 115 N. Y. 104, followed.

2. SAME—EVIDENCE.
In an action against a street-railroad company, for injury to plaintiff, caused by being run over by defendant's trolley car, the conduct of the motorman prior to the accident is proper to be considered by the jury.

3. SAME—SUFFICIENCY OF EVIDENCE.
In an action by a child against a street-railroad company, for injuries to plaintiff, caused by being run over by defendant's trolley car, a witness testified that he was on the track in front of the car; that the motorman rang the bell for him to turn out of the track, but he failed to turn until he found a place where the pavement was good; that the motorman, angry at the witness' delay, as the car shot past his wagon, turned towards him and shook his fist; and that, at that time, plaintiff was run over. The motorman testified that no such occurrence took place, and

that such witness was not at the scene of the accident; and he was corroborated by a policeman riding on the car. Other passengers testified that they did not witness the occurrence related by plaintiff's witness, who seemed to be reputable, and engaged in a manufacturing business, and gave his address and place of business. *Held*, that the verdict could not be set aside as against the weight of evidence.

4. EXCESSIVE DAMAGES.

 In an action, by a child eight years old, for personal injuries, it appeared that her face was cut open, resulting in a permanent scar, that she will always be unable to masticate food on one side of her mouth, that her collar bone and four ribs were broken, and that there was an injury to her pelvis. *Held*, that a verdict for $6,447.26 was not excessive.

Appeal from city court of Brooklyn, trial term.

Action by Lillie Bennett, an infant, by Charles H. Archibald, her general guardian ad litem, against the Brooklyn Heights Railroad Company for personal injuries caused by defendant's negligence. From a judgment entered on a verdict in favor of plaintiff for $6,447.26, and from an order denying its motion for a new trial, defendant appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Morris & Whitehouse, for appellant.

Coudert Bros., for respondent.

PER CURIAM. This action is to recover damages for injuries sustained by the plaintiff, a child aged eight years, from being run down by the defendant's trolley car. We think that the facts bring the action within the case of Stone v. Railroad Co., 115 N. Y. 104, 21 N. E. 712, and that the motion to dismiss the complaint was therefore properly denied. The opinion in that case clearly points out the difference between the care to be taken in crossing a steam railroad and in crossing a street railroad, and the distinction between a case like the present and that passed on in Wendell v. Railroad Co., 91 N. Y. 421. It is also an authority that the question whether the plaintiff was non sui juris or not was properly one for the jury.

The exception (at folio 355) to the court's refusal to charge was not well taken. The request excluded consideration of the conduct of the motorman prior to the occurrence of the accident. If it was not intended to so limit it, then the question was already covered by the previous charge, and it was unnecessary to repeat it. The exception to the refusal to charge at folio 351 is also without foundation. The request was subject to the same criticism as made on the request heretofore mentioned, and also to the further objection that it excluded consideration of the question whether the plaintiff was non sui juris or not.

We are asked to set aside the verdict on the further grounds that it was against the weight of evidence, and the damages excessive. The evidence to support the plaintiff's claim was almost exclusively that of one Emerich, who testified that he was in the track, and in front of the car of the defendant; that the motorman rang the bell for the witness to turn out of the track, but that he failed to turn

out until he found a place where the pavement was good; that the motorman, angry at the witness' delay, as the car shot past his wagon, turned towards him and shook his fist; that at this time he ran down the plaintiff. On defendant's part, the motorman testified that no such occurrence took place, and that the witness Emerich, with his wagon, was not at the scene of the accident. In this he was corroborated by a policeman riding on the car. Several other witnesses, passengers on the car, testified that they did not witness the occurrence which Emerich relates. Their testimony does not absolutely deny its occurrence. Emerich seems to be a reputable man, carrying on business as a manufacturer of dumb waiters and elevators in the city of Brooklyn, and gave his address and place of business. If his story is incorrect, his testimony is a piece of deliberate perjury made out of whole cloth. In such a case it was for the jury, who saw the witnesses and observed their manner and demeanor on the stand, to say which of the witnesses they believed told the truth.

The plaintiff had her face cut open, which has resulted in a scar which will permanently disfigure her. Another result of that injury is that she will be always unable to masticate her food on that side of her mouth. Besides that, her collar bone and four ribs were broken, and there was an injury to the pelvis. For such injuries we do not think this verdict can be termed excessive.

The judgment and order denying the motion for a new trial, appealed from, should be affirmed, with costs.