Under such circumstances, we are authorized to award a new trial (Kaare v. Iron Co., 139 N. Y. 376, 377, 34 N. E. 901); and for these reasons I conclude that the judgment and order should be reversed. All concur.

(23 App. Div. 21.)

### EHRMAN v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. December 7, 1897.)

1. STREET RAILROAD—INJURY TO PERSON ON TRACK.
   In an action to recover damages for an accident due to the alleged negligence of the defendant in running one of its cars, testimony that the car was "going fast" was objected to by defendant, and the objection overruled. *Held* no error.

2. SAME—INSTRUCTIONS.
   The court refused defendant's request to charge that: "If the jury believed that the car * * * was running at a moderate and proper rate of speed, and if at the time the child [plaintiff's intestate] first started to cross the tracks the car was so close to the place where she was struck and run over that it was impossible for the car, under any circumstances, to be stopped before running over her, then the verdict should be for the defendant." *Held* error.

3. IMPUTABLE NEGLIGENCE.
   Negligence is not imputable to a mother for allowing her little girl of about 5 years of age to go upon a city street in charge of a brother 15 years of age, who had been specially directed to take care of her.

4. WEIGHT OF EVIDENCE.
   Affirmative testimony of credible witnesses that a certain bell was rung at a given time is not necessarily conclusive, in all cases, as against negative testimony of other witnesses that they did not hear it.

Appeal from trial term, Kings county.

Action by Leopold Ehrman, as administrator of Minnie Ehrman, deceased, against the Nassau Electric Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Clarence J. Shearn (Henry Yonge, on the brief), for appellant.
Charles J. Patterson, for respondent.

BRADLEY, J. The plaintiff's intestate, then of the age of 4 years and 10 months, was on May 31, 1896, while proceeding to cross Central avenue, struck and killed by the defendant's trolley car going southerly upon the avenue. This occurred at or near the crossing of Bleecker street. There was evidence bearing upon the charge of the defendant's negligence sufficient to permit the court to submit that question to the jury. And the questions requiring consideration arise upon exceptions taken. The speed of the car was the subject of inquiry, and evidence was given that the car was going fast, subject to exception taken to its reception. While this evidence was somewhat indefinite as to the rate of speed at which the car was moving, it was, in its application to the movement of such a car, a relative expression of the view of the witnesses who had seen cars of that character moving in the streets of

the city; and common observation is such that, comparatively speaking, it is not difficult to conclude whether a trolley car is running fast or slow, although the difficulty would be greater in stating the rate of speed it is making. The view taken of this evidence is that there was no error in its reception. Northrup v. Railway Co., 37 Hun, 295, 299; Scully v. Railroad Co., 80 Hun, 197, 30 N. Y. Supp. 61. There was no error to the prejudice of the defendant in any of the rulings upon the question of the admissibility of evidence on the trial, and the motion for dismissal of the complaint was properly denied.

The parents of the deceased resided on the second floor of a building on the southwesterly corner of Central avenue and Bleecker street, Brooklyn. About 3 o'clock in the afternoon of the day in question the child went down onto Bleecker street with her brother, who was 15 years of age. He was directed by their mother to take care of Minnie. She left him unobserved, and went across the avenue, to a candy store on the opposite corner. It was on her way back that she was struck by the car. The court was requested and refused to charge "that the deceased, in attempting to cross the track in close proximity to an approaching car, was guilty of such contributory negligence that, if said deceased had been an adult, would have barred its right to recover." Exception was taken. It is urged that such proposition was properly one for consideration as bearing upon the question of negligence of the brother in permitting her to escape from his care, and cross the avenue. It has been repeatedly held that it is not negligence, as matter of law, for the parent to permit a child who is non sui juris to be on a street of a city unattended. Huerzeler v. Railroad Co., 139 N. Y. 490, 34 N. E. 1101. Nor can it well be said to have been unreasonable for the mother to intrust the care of the child to the brother there in the manner and for the purpose appearing in the present case. There was no negligence imputable to the mother in so doing. In Albert v. Railway Co., 5 App. Div. 544, 39 N. Y. Supp. 430, the elder of the two children sent by their mother into the street was only five years of age. That fact clearly distinguishes that from the present case. The question whether it would be available as a defense if the accident were attributable to his negligence is not considered, as the court charged the jury that, if they found that the death of the child was the result of his negligence, the plaintiff could not recover. The view of the court, therefore, in refusing to charge as so requested, evidently was that the evidence permitted the conclusion that an adult, under the same circumstances, would not necessarily have been chargeable with contributory negligence. This view was supported by evidence tending to prove that when the child started to cross the avenue the car was 130 feet away from the place near the crosswalk where she was proceeding to go over the tracks of the railroad, in plain view of the motorman on the car, and that in doing so her back was partially towards the approaching car. As she was on her way over the street, near the crosswalk, it may have been reasonable to assume that the movement of the car would be under control; and upon such a state of

facts an adult may not, as matter of law, have been chargeable with contributory negligence. The question would have been for the jury. Young v. Railroad Co. (City Ct. Brook.) 31 N. Y. Supp. 441; Penny v. Railroad Co., 7 App. Div. 595, 40 N. Y. Supp. 172; Brozek v. Railway Co., 10 App. Div. 360, 41 N. Y. Supp. 1017.

The defendant's counsel also took exception to the refusal of the court to charge "that the negative testimony of witnesses that they did not hear or did not notice whether a bell was rung  *  *  *  is not sufficient that such bell was not rung, and the jury is bound to believe the affirmative testimony of credible witnesses that such bell was rung." This proposition may have been understood by the court to include not only the testimony of witnesses who did not notice whether the bell was rung, but also that of those who did not hear it ring. The case of Culhane v. Railroad Co., 60 N. Y. 133, is cited in support of the exception. There Judge Allen, in delivering the opinion of the court, said:

"As against positive, affirmative evidence by credible witnesses to the ringing of a bell,  *  *  *  there must be something more than the testimony of one or more that they did not hear it, to authorize the submission of the question to the jury."

This was there stated as a general proposition, and may be subject to qualification by circumstances pertaining to the witness at the time to which his testimony related. As was said by Judge Danforth in Greany v. Railroad Co., 101 N. Y. 419, 5 N. E. 425:

"One person might be watching the bell,—looking at it, or listening for its sound. The value of his testimony would depend upon his nearness to the machine, the accuracy of his sense of sight or hearing, the existence or force or direction of the wind, and other causes. Another person might be neither looking nor listening, and yet his position be such, and the circumstances about him so favorable, that his testimony would be of equal or greater persuasive power than that of the other. A jury must ascertain."

The unqualified request to charge was too broad, as it excluded any circumstances which may have been taken into consideration to permit some effect to be given to the negative testimony as to the ringing of the bell. The evidence on the part of the plaintiff on that subject was quite slender, and, if the right to recover was dependent upon the failure to ring the bell, the recovery would have been against the weight of the evidence. But it is not necessarily dependent upon that fact for support. The speed of the car, as well as the distance it was from the place where the deceased proceeded to cross the street when she started to do so, were the subjects of conflict in the evidence of the witnesses of the respective parties.

In view of the questions of fact arising upon the evidence, the court was requested and refused to charge "that, if the jury believe that the car of the defendant was running at a moderate and proper rate of speed, and if at the time the child first started to cross the tracks the car was so close to the place where the child was struck and was run over that it was impossible for the car, under any circumstances, to be stopped before running over the child, that then the verdict should be for the defendant." Assuming that the expressed starting of the child to cross the tracks related to the time

she left the walk or curb to go over the street, the exception to such refusal to charge was well taken, as the proposition, in that view of it, embraced everything essential to relieve the defendant from the imputation of negligence. But if it had relation to the time that the child reached the tracks of the railroad, and proceeded to cross them, then there was no error in the refusal to charge, because, as suggested by the learned counsel for the plaintiff, the proposition omitted an "element of negligence based on the failure of the motorman to observe the child before she stepped upon the track." The former is the fair meaning of the language, and as the proposition would be commonly understood, and therefore the contention of the counsel founded upon such suggestion cannot be supported. In the view thus taken, the cited case of Bennett v. Railroad Co., 1 App. Div. 205, 37 N. Y. Supp. 447, has no necessary application to the present one. In that case the court refused to charge "that, if the defendant's motorman was exercising that degree of care which a person of ordinary prudence would have exercised under the circumstances, at the place in question, and stopped his car as quickly as possible after he saw the child in front of it, the verdict must be for the defendant." And on the review it was well said by the court that "the request excluded consideration of the conduct of the motorman prior to the occurrence of the accident." There was no such omission in the submitted proposition in the present case, since there was no occasion to apprehend that the child intended to or would proceed to cross the tracks until she started from the curb to do so; and then it must, for the purposes of the question, be assumed that the car was moving at a reasonable and proper rate of speed, and was then so close to the place where she was struck that it was impossible for the car to be stopped before the accident occurred.

These views lead to the conclusion that the judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.