MARGARET M. GIBSON, Respondent, *v.* THE NASSAU ELECTRIC
RAILROAD COMPANY, Appellant.

Second Department, December 13, 1918.

**Street railroads — negligence — injury to woman struck by street
surface car while crossing street — contributory negligence —
evidence.**

In an action for personal injuries it appeared that the plaintiff, a woman
of mature years, as she stood upon a street corner saw a street surface
car of the defendant at standstill at an opposite corner of the street;
that shortly thereafter she left the corner and attempted to pass through
the street at a crossing but was struck and injured by the car which had
moved on its way. The time was eight P. M. of a March day and the
car was lighted. There is no proof that the plaintiff looked for the car
after she left the curb, although there was nothing which would have
prevented her from seeing it all the time. The distance from the curb to
the point where she was injured was about nineteen feet.

*Held,* on all the evidence, that the plaintiff did not show herself free from
contributory negligence so as to justify a verdict in her favor, and that
the proof of negligence of the defendant — the working of the car " at a
high and dangerous rate of speed "— was unsatisfactory.

APPEAL by the defendant, The Nassau Electric Railroad
Company, from a judgment of the Supreme Court in favor
of the plaintiff, entered in the office of the clerk of the county
of Kings on the 15th day of April, 1918, upon the verdict of a
jury for $1,500, and also from an order entered in said clerk's
office on the 16th day of April, 1918, denying defendant's
motion for a new trial made upon the minutes.

*Harold L. Warner [George D. Yeomans* with him on the brief],
for the appellant.

*James A. Blanchfield,* for the respondent.

PER CURIAM:

The plaintiff, a woman of mature years, testifies that as
she stood upon a street corner she saw a street surface car
of the defendant at standstill at an opposite corner of the
street, receiving and discharging passengers; that shortly
thereafter she left the corner and attempted to pass through

the street at a crossing, but was struck and injured by that car, which had moved on its way. The time was eight P. M. of a March day, and the car was lighted up. She testifies that in her progress she had reached the third rail of the tracks; that when she had reached that rail the car was coming right on her, and was so close that when she had her feet on the rail she could have reached out to touch the car with her hand, but that she did not have time to jump back so as to avoid contact with the car.

There is no proof that the plaintiff looked for the car after she left the curb. She testifies that nothing would have prevented her from seeing the car all of the time. The distance from curb to the third rail was 19 feet $3\frac{1}{2}$ inches. The distance between the curb lines of the cross street was 34 feet.

In *Knapp* v. *Barrett* (216 N. Y. 231) the Court of Appeals declares that it has said " in effect that the extent to which one must look may not be defined in advance by any hard and fast formula, but must be measured by the circumstances of the particular case." And in another part of the opinion the court say: " The law does not say how often he must look or precisely how far, or when or from where. If, for example, he looks as he starts to cross, and the way seems clear, he is not bound as a matter of law to look again." In the light of *Knapp's Case (supra)* we are not prepared to say that the plaintiff was guilty of contributory negligence as matter of law, although we are of the opinion that she did not show herself sufficiently free from contributory negligence to justify a verdict in her favor.

The proof of the negligence assigned — the working of the car " at a high and dangerous rate of speed "— is unsatisfactory. The plaintiff testifies that the car was coming " full force," whatever that may mean. Of the plaintiff's witnesses, Mrs. Raymond says the car was coming " very fast," and Mr. McCarthy testifies that the car was " going fast." None of these witnesses was an expert. Evidence of this character is admissible, but not very cogent, and its probative value depends much upon the experience and capacity of the witness and the circumstances that indicate the correctness of such characterization. In the case at bar, none of these witnesses

appears as possessed of any qualifications that give weight to her or his deliverance, but rather the contrary, and there is no evidence that indicates the correctness of these estimates. On the other hand, we may consider that the car had been at a standstill 34 feet distant, that it had proceeded from that absolute rest for only 34 feet, that its way was across an intersecting street, that the plaintiff's witness McCarthy says that after the car struck the plaintiff it went on for only 7 or 8 feet, that it was on a " slow move " when it did strike her, and was just coming to a standstill. The defendant's motorman testifies that he was going slowly. Donohue, a witness for the defendant, testifies that the car was moving slowly and did not move over a half a foot after the accident, and defendant's conductor says that the car passed on over the crossing a little over a car's length.

The judgment and order are reversed and a new trial is granted, costs to abide the event.

Jenks, P. J., Thomas, Rich, Putnam and Blackmar, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.