JEAN A. DISALVO, Respondent, v. THE CITY OF NEW YORK and ANTHONY HANLEY, Appellants.— Action for damages for personal injuries. Plaintiff was struck by a metal tire cover while standing on a sidewalk alongside of a parked car, as a consequence of that parked car's being struck by an automobile owned and controlled by the corporate defendant and operated by the individual defendant, knocking a metal tire cover on the parked car through the air and striking the plaintiff. Judgment for the plaintiff unanimously affirmed, with costs. The facts justified the jury in finding that the corporate defendant's operator was proceeding at a rate of twenty-two or more miles an hour, on a wet, slippery road-bed, and that while going at that speed he made a turn to change the course of the car, which turn, at such speed and under the road conditions then prevailing, was the negligent cause of the corporate defendant's car skidding into and strik-ing the parked car from which the metal tire cover was knocked through the air. Such a finding of negligence is not predicated upon anything that relates to the use of brakes. The jury were free to find that an attempted change of the course of the car under the road conditions then prevailing should not have been made at the speed at which the car was being driven. Moreover, the operator's testimony

was that after the skid began he applied the brakes. He does not say he did so gently, and the jury were free to find that he increased the skidding motion already initiated by his negligent act of turning the car. The jury were free to note that the operator testified that he was unfamiliar with operating a car affected by skidding, and to conclude that he lacked ordinary skill and was negligent, in that a driver of ordinary skill would not have attempted to turn under the road conditions then prevailing while the car was being driven at the speed found by the jury, and that, even after the turn was initiated, ordinary prudence required the driver to apply his brakes, if at all, in a gentle manner, and to turn the front of his car in the direction of the skid, to arrest, in whole or part, that skidding movement. He does not testify he did this. This case is readily differentiated on the facts from those involved in the cases cited by appellants. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.