Heffebeae, J.
Quail Street is a public highway in the city of Albany and runs in a northerly and southerly direction. It is intersected by Hudson Avenue, also a public highway, which extends in an easterly and westerly direction. There is no traffic control at the intersection.
At about 8:30 p.m. on February 14, 1947, plaintiff was operating an automobile owned by him in a northerly direction along Quail Street. On the same occasion defendant’s automobile was being driven by his son, with the owner’s consent, in a westerly direction on Hudson Avenue. At the intersection of these highways a collision occurred between the two vehicles as a result of which both were damaged and plaintiff asserts that he sustained personal injuries. Each driver charged the other with responsibility for the collision.
Plaintiff instituted this action against defendant for the recovery of the damages to his car and for his compensation for personal injuries on the theory that the negligence of the driver of defendant’s car was the sole cause of the collision.
Defendant’s answer not only denied negligence on the part of the operator of his car but contained a counterclaim, predicated upon plaintiff’s negligence, in which he sought an affirmative judgment for the damages to his automobile.
After a trial of the issues in the City Court a jury rendered a verdict in plaintiff’s favor, which has been affirmed in the County Court and from the judgment of affirmance defendant has come to this court.
The questions of negligence and contributory negligence in this case present only issues of fact and if there were no errors in the exclusion of evidence we would not feel justified in disturbing the verdict of the jury.
Plaintiff was the only witness on his own behalf as to the occurrence of the accident.
The operator of defendant’s car testified that as he approached the intersection of the two streets he saw plaintiff’s car proceeding northerly on Quail Street. Upon being interrogated as to the speed of that car he said it was going fast. Upon motion of plaintiff’s counsel and over defendant’s objection the answer was stricken out. In that connection the Trial Judge said: “ I don’t think the jury should be permitted to take an estimate of a boy or a man of the speed a car is coming at him — directly at him. I don’t think anybody can tell us *129 that without guessing.” The witness was then asked whether plaintiff’s car was going fast or slow when he observed it. He said it was going fast. The latter answer was also stricken out over defendant’s protest.
Defendant produced an eyewitness to the accident — a boy fifteen years of age. This witness was employed by a motor sales concern and his testimony disclosed that he had considerable experience in the operation of motor vehicles. He testified that when both cars were nearing the intersection plaintiff’s car was going fast and that defendant’s car was going slow. Both answers were stricken out and in each instance defendant excepted to the court’s ruling.
We think the Trial Judge committed serious and prejudicial error in striking out the testimony of the two witnesses in question. This was a closely contested case and the speed of the respective cars immediately prior to their contact was an important factor. We may not say that the exclusion of this proof did not prejudice the substantial rights of defendant.
An estimate of the speed at which an automobile is moving at a given time is generally viewed as a matter of common observation rather than expert opinion, and it is well settled that any person of ordinary ability and intelligence having the means or opportunity of observation is competent to testify as to the rate of speed of such a vehicle (20 Am. Jur., Evidence, § 805; 32 O. J. S., Evidence, § 499). An opinion as to the speed of an automobile may be expressed by witnesses in various forms. Such characterizations as “ fast ”, “ at a high rate of speed ”, “ going fast “ pretty fast ” have been held proper (5 Am. Jur., Automobiles, § 652; 32 O. J. S., Evidence, § 499; Penny v. Rochester Ry. Co., 7 App. Div. 595, affd. 154 N. Y. 770; Ehrmann v. Nassau Electric R. R. Co., 23 App. Div. 21; Gibson v. Nassau Electric R. R. Co., 185 App. Div. 320; Mahoney v. Gooch, 246 Mass. 567).
The question as to the opportunity of a witness to judge, under the particular circumstances, the speed of an automobile, has been held, as a general rule, to go to the weight of his testimony rather than to its admissibility. The fact that one of defendant’s witnesses estimated the speed of plaintiff’s car as it approached him did not thereby make his evidence incompetent; that factor merely affected the weight of his testimony (Lewis v. Mittey, 119 Neb. 765).
The judgments and orders of the County and City Courts should be reversed on the law and facts and a new trial granted in the Albany City Court, with costs to abide the event.
*130 Foster, P. J., Brewster, Deyo and Bergan, JJ., concur.
Judgments and orders of the County and City Courts reversed on the law and facts, and a new trial granted in the Albany City Court, with costs to abide the event.