Bernard S. Meyer, J.
In this action for personal injury, both defendants were served but an answer was filed on behalf of the defendant employer only. At the beginning of the trial plaintiff moved to sever and to have the testimony taken on the trial considered on the inquest with respect to the defendant employee, but stipulated that he did not seek judgment against the employee unless he were found to be entitled to judgment against the employer. Accordingly, the matter is in the same posture as though the employee had answered and this decision will serve as the decision in both the inquest and the trial.
The accident in which plaintiff was injured occurred a short distance west of the center of the intersection of Glenwood Road and Bryant Avenue in the Incorporated Village of Roslyn Harbor, New York. Bryant Avenue runs east and west and is a straight road, two lanes wide. Glenwood Road, which is also two lanes wide, intersects Bryant Avenue from the northeast at *1014 an angle of approximately 45 degrees and terminates at Bryant Avenue. Thus the intersection forms a Y-shape.
At approximately 7:00 p.m. on September 13, 1957, plaintiff was proceeding east on Bryant Avenue toward its intersection with Grlenwood. It had begun to rain a few minutes before the accident. The area is residential, there being trees on both sides of the street. When plaintiff was approximately 60 feet from the intersection, he first noticed defendant’s truck on his left emerging from Grlenwood Boad and Bryant Avenue. It was coming fast and was approximately 90 feet away from plaintiff when he first saw it. Plaintiff at all times was on his right side of the road proceeding about 20 miles an hour. Plaintiff testified that he did not pay immediate attention to the defendant because he was turning right normally, but that in the last two seconds, defendant’s truck skidded violently, crossing over to plaintiff’s side of the road so that at the time of impact defendant’s truck was entirely on plaintiff’s side of the road. The left front side of the truck hit the left front side of plaintiff’s car. In addition to the above testimony of the plaintiff himself, plaintiff introduced portions of the examination before trial of the defendant employee in which the employee stated that he first saw the plaintiff’s car when he applied his brakes and skidded across the road; that he had not seen him because of the bend in the road; that he skidded approximately 25 feet; that it was approximately a second from the time he applied his brakes to the time of impact; that when he began to skid he swerved his' wheels to the right in order to hit the plaintiff sideways instead of head on, since he realized that he could not stop.
Defendant, contending that the above evidence failed to make a prima facie case, moved at the end of plaintiff’s case to dismiss the complaint, relying on Lahr v. Tirrill (274 N. Y. 112); Galbraith v. Busch (267 N. Y. 230) and Lo Piccolo v. Knight of Best Prods. Corp. (7 A D 2d 369).
Both the Lahr and the Galbraith cases were guest actions. The rule they established is that the sudden swerving or skidding of an automobile from its own lane does not give rise to an inference of negligence on the part of the driver in an action by a guest, since the sudden swerving could arise either from negligent maintenance, a risk which the guest had assumed, or negligent operation. The guest must, therefore, affirmatively prove negligence and the mere skid of the car on a slippery road, without further proof of negligence in operation, with respect to speed, application of brakes, or the like, is not sufficient to impose liability on the host.
*1015 The Lo Piccolo case involved a stranger, not a guest. There the accident occurred while defendant’s truck was being driven across Manhattan Bridge on a rainy day. The road surface was slippery. The evidence showed that defendant’s truck shot across in front of plaintiff’s car. Justices Bbeitel and Rabin concluded that the sudden swerving could be accounted for by the peculiar construction of the roadway aggravated by the wetness of the surface. The proof thus suggested a skid as strongly as it did a wheel controlled deviation and therefore it was concluded that the order of the lower court setting aside a verdict in favor of the defendant and granting a new trial should be reversed and judgment entered dismissing the complaint. Judge Botein concurred on the grounds that the case had been given to the jury under a fair charge and that that should end the matter. Justices Bergan and McNally dissented on the ground that the evidence showed undue speed on a slippery bridge and further showed that defendant’s motor vehicle was being operated on the wrong side of the road; that there was nothing to indicate that the construction of the bridge created a sudden danger; that aside from the above facts, which constituted an affirmative showing of negligence, plaintiff as a non-guest could rely upon the inference of negligence which arose from the mere happening of the accident. Since the decision is by a divided court and the Second Department has not yet passed on the question, I prefer to follow Locicero v. Messina (239 App. Div. 635) and my decisions in Laukaitis v. Kikta (N. Y. L. J., May 5,1959, p. 15, col. 1) and Hornecker v. Weisse (N. Y. L. J., Feb. 6,1959, p. 15, col. 1) and hold that the plaintiff herein, as a stranger, should not be bound by the guest rules established by Galbraith and Lahr.
It is not necessary to rely solely upon the inference of negligence, however. The evidence adduced showed that defendant, in entering from an intersecting street had to travel around a curve of approximately 135 degrees, that he was traveling fast and that the surface of the road was wet. That such evidence is sufficient to establish a prima facie case, see Di Salvo v. City of New York (254 App. Div. 886); Sweet v. Farmers Syndicate (279 App. Div. 1118); see, also, Hollenbeck v. Hollenbeck (286 App. Div. 937). Under such circumstances, the Lahr holding is not applicable because the case is not one of skidding alone.
Defendant argues, nonetheless, that plaintiff’s proof fails because the testimony that defendant was traveling ‘ ‘ fast ’ ’ is not sufficient to establish negligence. The argument is based on Gibson v. Nassau Elec. R. R. Co. (185 App. Div. 320) and Hansell v. Galvani (286 App. Div. 1019, motion for leave to appeal *1016 denied 309 N. Y. 1035). The Hansell case upheld the exclusion of testimony that defendant was going ‘ ‘ fast ’ ’ saying that it would not have been sufficient under the circumstances of that ease to establish negligence. The record and briefs, show, Iloavever, that the holding is not applicable here. Plaintiff, in that case, proceeding on a three-lane highway turned left from the middle lane across and in front of defendant who Avas traveling-in his OAvn lane. The Gibson case simply holds that evidence that a defendant is going fast, while admissible, is not very cogent, its probative value depending upon the experience and capacity of the witness and the circumstances indicating the correctness of his characterization. In the present case, the witness had testified that he drove to Manhasset every day and, in any event, the objection goes only to the Aveight of the evidence. Accordingly, I hold that the plaintiff has established a prima facie case and deny the motion to dismiss made at the end of the plaintiff’s case.
The evidence adduced on defendant’s case and on rebuttal was that the defendant driver knew that the roads Avere wet, there having been a downpour about an hour before the accident and it having begun to drizzle just prior to the accident; that for about a mile before he reached the scene of the accident he had noticed leaves on the road although not all over the road; that defendant had been traveling at about 25 miles an hour and slowed to 20 miles an hour before he got to the intersection because he knew he was going to make a right turn; that he began to skid when he was still on Grlenwood Avenue and skidded altogether about 30 feet. I hold that defendant driver proceeding around the 135-degree curve made by the intersection of Grlenwood Road with Bryant Avenue at 20 miles an hour after having observed that the road was wet and covered Avith leaves in spots is negligent and that plaintiff is therefore entitled to recover against both defendants. (Di Salvo v. City of New York, 254 App. Div. 886, supra.) Particularly is this so in view of the requirement of subdivision 10 of section 81 of the Vehicle and Traffic Law, which was in effect at the time this accident occurred, that ‘ ‘ A vehicle in turning at an intersection shall be driven with extreme caution and control.”
Plaintiff seeks to recover for his personal injuries, medical expenses and for earnings lost during the period of his disability. The medical testimony was that plaintiff was able to do no work for a period of five weeks and thereafter was required for some time to work a shorter day. Plaintiff is a commission salesman having no capital invested in his business. Under such circumstances he is entitled to prove his earnings prior to *1017 the accident (Ehrgott v. Mayor, 96 N. Y. 264; Kronold v. City of New York, 186 N. Y. 40). Apparently, however, there being no claim for loss of prospective earnings, his earnings subsequent to the injury are not relevant. (Cf. Raplee v. City of Corning, 6 A D 2d 230 with Galanis v. Simon, 222 App. Div. 330, affd. without opinion 250 N. Y. 524.)
The evidence shows that plaintiff began business June 6, 1956, grossed for the balance of the year 1956 the sum of $10,350 and that his net income for the period was $3,502.99, or slightly over $500 per month. For the year 1957, during which the accident occurred, plaintiff grossed $10,723 and had a net of $2,811.32. The plaintiff argues that his net income for 1956 on a 12-month basis would be $6,000 and that since he netted only $2,811.32 in 1957, he is entitled to recover the difference of $3,188.68 for the diminution of his earning capacity. He testified that the period during which he was disabled was his selling season and argues that had he not been disabled he would have been able to at least equal the $6,000 net of the previous year. The fact that his net income for 1957 was substantially less than his net income for 1956, although the gross income for the two years were approximately the same, may perhaps, be explained by the fact that five additional months’ rent and telephone were paid in 1957. On the other hand, there was no showing to relate income to particular months or to specific contracts lost. To award damages for loss of earnings on the basis claimed would be to engage in speculation. In the absence of proof of specific losses, such as the sales contract involved in Steitz v. Gifford (280 N. Y. 15) I hold that the proper measure of the earnings lost by a commission salesman, or other person dependent primarily on his own services for his income is to be determined by multiplying the time lost by the difference between his average net earnings for the applicable time period (per day, week or month) in the years prior to the accident during which he had been engaged in such business, and his average net earnings for the same time period in the year or years during which the disability arising from the accident continues. In this case I find the difference in average earnings to be $265 per month, that plaintiff’s total disability continued for five weeks and that he was partially disabled for a short period thereafter, and I award him the sum of $400 for loss of earnings. In addition, plaintiff is entitled to his medical expenses and hospital bills and drugs totalling $340. The medical evidence establishes plaintiff’s injuries as a brain concussion, whiplash injury to the cervical spine, injury to the right supinator muscle, lesion of the ulnar nerve, numbness of the three central fingers of the right hand, and a neurosis and *1018 post concussion syndrome, from all of which plaintiff has, however, so far recovered that he may be expected to be fully recovered in not more than one year. For all the above injuries, the court fixes damages of $7,000, making a total with the loss of earnings and special damages above referred to of $7,740.
Let judgment be entered for plaintiff against both defendants accordingly. The above constitutes the decision of the court under section 440 of the Civil Practice Act for both the inquest and the trial. All motions on which decision was reserved are decided accordingly.